**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HEATHER KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| PLAINFIELD COMMUNITY | ) | |
| CONSOLIDATED SCHOOL | ) | |
| DISTRICT 202, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff HEATHER KENNEDY (hereinafter referred to as "KENNEDY") and for her complaint against the Defendant PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202 (hereinafter referred to as "DISTRICT 202") states:

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101 <u>ET. SEQ.</u>

1.      This is an action brought for damages sustained by KENNEDY by reason of DISTRICT 202's violation of her civil rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 <u>et. seq.</u>

2.      At all times relevant hereto, KENNEDY was a resident of Plainfield, Illinois and of the Northern District of Illinois.

3.      At all times relevant hereto, DISTRICT 202 was a public school district located in Plainfield, Illinois which educates students from kindergarten through grade 12.

4.    At all times relevant hereto, DISTRICT 202 was an "employer" within the meaning of the Americans with Disabilities Act.

5.    This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 1331.

6.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this district.

7.    In or about August, 2013, KENNEDY was hired by DISTRICT 202 as a substitute teacher at Drauden Middle School in Plainfield.

8.    In or about August, 2014, KENNEDY was hired as a full-time special education teacher at Creekside Elementary School in Plainfield.

9.    By virtue of her training and work experience, KENNEDY was qualified for the job that she was performing for DISTRICT 202.

10.    The essential functions of KENNEDY's job included:

a.    Teach multiple grade levels in English, Language Arts and Math to students with an Individualized Education Plan (IEP) who receive minutes for those core subjects.

b.    Collaboration between General Education teachers and KENNEDY to go over lesson plans to guide instruction and testing for the students with an IEP.

c.    Modify and adapt to students needs while teaching.

d.    Create an IEP for students with goals and objectives.

e.    Create modifications and accommodations that fit the student's needs to be implemented within the IEP and within the student's classroom.

2

      f.      Attend staff meetings as a whole school and as a Special Education Team monthly.

      g.      Keep in contact with parents of students that KENNEDY would have within her classroom about academics and behavior as needed whether it was good and/or bad.

      h.      Collaboration with student aides to go over lesson plans and behavior accommodations for the students.

      i.      Attend and lead IEP meetings with parents, administration, General Education team members, and if necessary, any outside sources that may need to attend.

11.      At all times relevant hereto, it was the policy of DISTRICT 202 not to discriminate against any employee on the basis of his or her disability.

12.      In or about February, 2015, KENNEDY collapsed at school and was rushed to Adventist Hospital in Bolingbrook, Illinois where she was treated for a cyst on her brain.

13.      At the time of this incident and thereafter, DISTRICT 202 was aware of KENNEDY's physical condition.

14.      Notwithstanding DISTRICT 202's policy, KENNEDY was subjected to discrimination by DISTRICT 202 because of her disability.

15.      In or about August, 2015, DISTRICT 202 began discriminating against KENNEDY because of her disability.

16. Specifically, at the beginning of the 2015-2016 academic year, Patricia Hudson, Principal at Creekside Elementary School, began discriminating against KENNEDY because of her disability.

17. For example, KENNEDY requested help from other teachers in order to carry out lesson plans and formal assessments of students.

18. On each occasion that she made this request, Ms. Hudson denied KENNEDY's request even though other teachers' requests who did not have any disabilities were granted.

19. Moreover, in February, 2016, KENNEDY was criticized by DISTRICT 202 for having a water bottle in her classroom which she needed in order to take medication while other teachers who did not have disabilities had water bottles and cups in their classrooms and never received any type of reprimand.

20. Further, Kelly Gregoire, acting interim Assistant Principal, started criticizing KENNEDY for not staying long enough after school even though she knew of KENNEDY's disability and of her need to go to various establishments for appointments.

21. Other teachers who did not have any disabilities were not subjected to such criticism.

22. On December 14, 2015, KENNEDY had surgery to remove the cyst from her brain.

23. Between December, 2015 and February 9, 2016, KENNEDY was off of work because of her disability.

24. Toward the end of February, 2016, KENNEDY had a meeting with Scott Fink, Principal from Eagle Point Elementary School, that she was not going to be renewed for the upcoming 2016-2017 academic year.

25. When KENNEDY asked Mr. Fink as for an explanation why she would not be renewed, Mr. Fink would not give her any reason for her non-renewal.

26. DISTRICT 202 has, therefore, discriminated against KENNEDY because of her disability in violation of the Americans with Disabilities Act.

27. On May 4, 2016, the Equal Employment Opportunity Commission received KENNEDY's charge of discrimination.

28. On July 17, 2017, the United States Department of Justice Civil Rights Division issued KENNEDY a right to sue letter. A true and correct copy of this letter is attached hereto as ***Exhibit A***.

29. Less than ninety days have expired KENNEDY's receipt of the notice of right to sue issued on July 17, 2017.

30. DISTRICT 202's violation of KENNEDY's rights under the Americans with Disability Act has caused her pecuniary damages.

WHEREFORE, the Plaintiff HEATHER KENNEDY requests that this Court enter judgment in her favor and against the Defendant PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT 202 as follows:

i. Enjoining DISTRICT 202 from engaging in such unlawful employment practices as alleged in this amended complaint.

5

ii.      Reinstating KENNEDY to her position at DISTRICT 202 at the rate of pay comparable to what would have been receiving if not for the civil rights violations committed against her by DISTRICT 202.

iii.     Alternatively, in the event that DISTRICT 202 is unwilling to reinstate KENNEDY, that KENNEDY be awarded front pay.

iv.      Making KENNEDY whole as to all salary, benefits and seniority status that would have accrued but for the civil rights' violations committed by DISTRICT 202.

v.       Awarding KENNEDY compensatory damages in an amount to be determined at trial.

vi.      Awarding KENNEDY attorney's fees pursuant to the Americans with Disabilities Act and pre-judgment interest.

vii.     Awarding KENNEDY such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/ Joel F. Handler
Joel F. Handler (#1115812)
One E. Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 832-0008
Attorney for the Plaintiff,
HEATHER KENNEDY

6

# EXHIBIT A



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7003 0500 0002 5072 2913

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

July 17, 2017

Ms. Heather Kennedy
c/o Joel F. Handler, Esquire
Handler Law Group
One East Wacker Drive
Suite 510
Chicago, IL 60601

Re: EEOC Charge Against Plainfield Community Consolidated School Dist. 202
    No. 440201603927

Dear Ms. Kennedy:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

T. E. Wheeler, II
Acting Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
    Plainfield Community Consolidated School Dist. 202